**FLEET MORTGAGE CORPORATION,**
**Appellant,**

v.

**Linda F. SHAW, Appellee.**

**No. CV–94–H–1547–S.**

United States District Court,
N.D. Alabama,
Southern Division.

July 29, 1994.

Arthur M. Stephens, Vicki A. Bell, Stephens Millirons Harrison & Williams, Huntsville, AL, for appellant Fleet Mortg. Corp.

Thomas W.H. Buck, Longshore Evans & Longshore, Birmingham, AL, for appellee Linda F. Shaw.

David P. Rogers, Jr., Trustee, Birmingham, AL, pro se.

## MEMORANDUM OF OPINION

HANCOCK, District Judge.

This case comes before the court on appeal from a final order issued by the United States Bankruptcy Court for the Northern District of Alabama, Southern Division. Jurisdiction is invoked pursuant to 28 U.S.C. Section 158(a). The issue to be decided on appeal is whether a debtor can comply with the Alabama statutory redemption requirements by reinstating a foreclosed mortgage in a Chapter 13 plan.

The facts necessary to determine the stated issue on appeal were stipulated to by the parties at the time of the hearing before the Bankruptcy Court on May 16, 1994. The Appellant, Fleet Mortgage Company (hereinafter referred to as "the Creditor"), held a note and mortgage encumbering the principal residence of Appellee, Linda F. Shaw (hereinafter referred to as "the Debtor"). The Debtor defaulted under the terms of the note and mortgage by failing to pay the monthly installments when due. On February 28, 1994, the Creditor conducted a valid foreclosure sale of the property under the power of sale contained in the mortgage. The Creditor purchased the property at the foreclosure sale. On March 1, 1994, the

Creditor made its demand upon the Debtor to vacate the property pursuant to Section 6–5–233 of the Code of Alabama.

On March 7, 1994, the Debtor filed a voluntary petition in bankruptcy under 11 U.S.C. § 1301 *et seq.;* the only interest she possessed in the property at this time was her statutory right of redemption. Fleet Mortgage Corporation was listed as a secured creditor, specifically as the holder of the mortgage on the Debtor's principal residence. In her Chapter 13 plan, the Debtor proposed to reinstate the foreclosed mortgage by paying the pre-petition "arrearage" through her plan while maintaining regular monthly payments on the "debt" directly to the Creditor.

On April 18, 1994, the Creditor moved for relief from the stay in the Bankruptcy Court in order to obtain possession of its property. A hearing on the Creditor's motion was held on May 16, 1994. On May 25, 1994, the Bankruptcy Court entered a Memorandum Opinion and Order denying the Creditor's motion for relief from the stay. The Creditor filed its notice of appeal on June 3, 1994.

The issue before the court in this case is the same issue that was presented in the case of *Commercial Federal Mortgage Corporation v. Smith,* 170 B.R. 708 (N.D.Ala. 1994). The *Smith* case was appealed to this court from a decision rendered by Tamara O. Mitchell, Bankruptcy Judge for the United States Bankruptcy Court for the Northern District of Alabama, Southern Division. The underlying opinions rendered by Judge Mitchell in the *Smith* case and the instant case are virtually identical, and the same attorneys represented the creditors in both cases. The briefs filed by the attorneys for the respective creditors in each case make the same arguments and cite the same law.

In its memorandum opinion issued in the *Smith* case, the court affirmed the Bankruptcy Court decision, finding that a debtor whose primary residence had been sold in pre-petition foreclosure proceedings but who had preserved his statutory right of redemp-

tion could, prior to the expiration of that statutory right of redemption, cure his default under the mortgage and redeem his property after foreclosure sale by paying arrearage through his Chapter 13 plan and maintaining regular mortgage payments "outside" the plan.

Given the identity of issues presented in this case and the earlier-decided *Smith* case, the court, for reasons set forth fully in the memorandum opinion issued in the *Smith* case, must affirm the decision of the Bankruptcy Court. Accordingly, a separate order to this effect will be entered.[1]

---

1. The resolution of the pending appeal in this manner renders the July 19, 1994 motion to stay appeal filed by the appellee MOOT.